UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK EUGENE CARPENTER, III,

                Plaintiff,                      Case No. 2:25-cv-11681
                                                    Hon. Denise Page Hood

v.


UNITED STATES, ET AL,

                Defendants.

_____/

## ORDER DENYING MOTION FOR REHEARING (ECF No. 16)

This prisoner civil rights complaint was dismissed for Plaintiff's failure to correct his filing deficiency. (ECF No. 6.) Specifically, Plaintiff's application to proceed in forma pauperis (IFP) failed to include any of the necessary supporting documentation, and Plaintiff failed to correct the deficiency after being ordered to do so by the Court.

Plaintiff filed two pleadings that the Court construed as attempts to have the Court reconsider the dismissal. (ECF Nos. 11 and 14.) In both pleadings, Plaintiff essentially asserted that because of his circumstances at the Livingston County Jail, and then due to the brevity of his stay at FCI Milan, it was impossible for him to produce the necessary supporting documents for his IFP application.

In denying these motions, the Court noted that Plaintiff failed to demonstrate

that he made any real effort at all to correct his filing deficiency. (ECF No. 12, PageID.43.) Indeed, an examination of Plaintiff's two IFP applications and his other pleading shows that he has never attached any records of any kind to support his IFP applications. (ECF Nos. 2, 10, 11, and 14.)

Currently before the Court is what amounts to Plaintiff's third motion for reconsideration, in which he again asserts that it was impossible for him to produce the necessary documents to support his IFP application. (ECF No. 16.)

The Local Rules of the Eastern District of Michigan provide that any motions for reconsideration may be brought if the movant can show that "[t]he court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision." E.D. Mich. LR 7.1(h)(2). A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier. *Sault Ste. Marie Tribe v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (motions under Fed.R.Civ.P. 59(e) "are aimed at reconsideration, not initial consideration") (citing *FDIC v. World Universal Inc.*, 978 F.2d 10, 16 (1st Cir.1992)).

As before, Plaintiff simply re-hashes his previous objections to the Court's orders. Plaintiff offers no reason why he failed to attempt to provide *any* documentation in support of his IFP application or in any of his prior pleadings.

Accordingly, Plaintiff's motion for reconsideration (ECF No. 16) is **DENIED**.

**IT IS SO ORDERED.**

s/Denise Page Hood
Hon. Denise Page Hood
United States District Judge

Dated:   May 18, 2026